AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

# UNITED STATES DISTRICT COURT

### for the
### Southern District of Ohio

FILED
RICHARD W. NAGEL
CLERK OF COURT

2022 AUG 18 PM 12: 41

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

| | |
|---|---|
| Franklin Vostatek | ) |
| | ) |
| *Petitioner* | ) |
| v. | ) |
| | ) Case No. |
| Residential Reentry Manager, Cincinnati Office, Federal Bureau of Prisons | ) |
| | ) |
| *Respondent* | ) |
| *(name of warden or authorized person having custody of petitioner)* | |

2:22 CV 3158

*(Supplied by Clerk of Court)*

JUDGE MARBLEY

MAGISTRATE JUDGE SILVAIN

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

### Personal Information

1.  (a) Your full name:  Franklin Vostatek

    (b) Other names you have used:

2.  Place of confinement:

    (a) Name of institution:  Alvis House

    (b) Address:  1755 Alum Creek Drive

    Columbus, OH 43207

    (c) Your identification number:  26822-509

3.  Are you currently being held on orders by:

    ☑ Federal authorities  ❑ State authorities  ❑ Other - explain:

4.  Are you currently:

    ❑ A pretrial detainee (waiting for trial on criminal charges)

    ☑ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime

    If you are currently serving a sentence, provide:

    (a) Name and location of court that sentenced you:  U.S. District Court, Columbus, Ohio

    (b) Docket number of criminal case:  2:20-cr-00131

    (c) Date of sentencing:  01/07/2022

    ❑ Being held on an immigration charge

    ❑ Other *(explain)*:

### Decision or Action You Are Challenging

5.  What are you challenging in this petition:

    ☑ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

❒ Pretrial detention
❒ Immigration detention
❒ Detainer
❒ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory
   maximum or improperly calculated under the sentencing guidelines)
❒ Disciplinary proceedings
❒ Other *(explain)*:

6.    Provide more information about the decision or action you are challenging:
      (a) Name and location of the agency or court:   Federal Bureau of Prisons, Washington DC

      (b) Docket number, case number, or opinion number:    None
      (c) Decision or action you are challenging *(for disciplinary proceedings, specify the penalties imposed)*:
      Refusal of the Bureau of Prisons to credit earned time credits (ETCs) to which I am entitled under the First Step
      Act to reduce my sentence.

      (d) Date of the decision or action:   07/29/2022

## Your Earlier Challenges of the Decision or Action

7.    **First appeal**
      Did you appeal the decision, file a grievance, or seek an administrative remedy?
      ❒ Yes          ☑ No
      (a) If "Yes," provide:
            (1) Name of the authority, agency, or court:  See Memorandum in Support

            (2) Date of filing:
            (3) Docket number, case number, or opinion number:
            (4) Result:
            (5) Date of result:
            (6) Issues raised:

      (b) If you answered "No," explain why you did not appeal:

8.    **Second appeal**
      After the first appeal, did you file a second appeal to a higher authority, agency, or court?
      ❒ Yes                    ❒ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(a) If "Yes," provide:

    (1) Name of the authority, agency, or court:  See  Memorandum in Support

    (2) Date of filing:

    (3) Docket number, case number, or opinion number:

    (4) Result:

    (5) Date of result:

    (6) Issues raised:

(b) If you answered "No," explain why you did not file a second appeal:

9. **Third appeal**

   After the second appeal, did you file a third appeal to a higher authority, agency, or court?

   ❒ Yes          ❒ No

   (a) If "Yes," provide:

       (1) Name of the authority, agency, or court:  See  Memorandum in Support

       (2) Date of filing:

       (3) Docket number, case number, or opinion number:

       (4) Result:

       (5) Date of result:

       (6) Issues raised:

   (b) If you answered "No," explain why you did not file a third appeal:

10. **Motion under 28 U.S.C. § 2255**

    In this petition, are you challenging the validity of your conviction or sentence as imposed?

    ❒ Yes          ☑ No

    If "Yes," answer the following:

    (a)    Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

        ❒ Yes          ❒ No

If "Yes," provide:
(1)  Name of court: _____
(2)  Case number: _____
(3)  Date of filing: _____
(4)  Result: _____
(5)  Date of result: _____
(6)  Issues raised: _____

_____
_____
_____

(b)  Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A),
seeking permission to file a second or successive Section 2255 motion to challenge this conviction or
sentence?
❑ Yes                    ❑ No
If "Yes," provide:
(1)  Name of court: _____
(2)  Case number: _____
(3)  Date of filing: _____
(4)  Result: _____
(5)  Date of result: _____
(6)  Issues raised: _____

_____
_____
_____

(c)  Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your
conviction or sentence:

_____
_____
_____
_____

11.  **Appeals of immigration proceedings**
Does this case concern immigration proceedings?
❑ Yes                    ☑ No
If "Yes," provide:
(a)  Date you were taken into immigration custody: _____
(b)  Date of the removal or reinstatement order: _____
(c)  Did you file an appeal with the Board of Immigration Appeals?
❑ Yes                    ❑ No

If "Yes," provide:

(1)  Date of filing:

(2)  Case number:

(3)  Result:

(4)  Date of result:

(5)  Issues raised:

(d)      Did you appeal the decision to the United States Court of Appeals?

☐ Yes                            ☐ No

If "Yes," provide:

(1)  Name of court:

(2)  Date of filing:

(3)  Case number:

(4)  Result:

(5)  Date of result:

(6)  Issues raised:

12.      **Other appeals**

Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?

☐ Yes                            ☑ No

If "Yes," provide:

(a)  Kind of petition, motion, or application:

(b)  Name of the authority, agency, or court:

(c)  Date of filing:

(d)  Docket number, case number, or opinion number:

(e)  Result:

(f)  Date of result:

(g)  Issues raised:

AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**Grounds for Your Challenge in This Petition**

13.    State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts supporting each ground.  Any legal arguments must be submitted in a separate memorandum.

GROUND ONE:   The BOP is Failing to Credit Earned-Time Credits according to Its Rules, Implicating My Liberty Interests

(a)  Supporting facts *(Be brief.  Do not cite cases or law.)*:
See Memorandum in Support

(b)  Did you present Ground One in all appeals that were available to you?
☐ Yes          ☒ No

GROUND TWO:

(a)  Supporting facts *(Be brief.  Do not cite cases or law.)*:

(b)  Did you present Ground Two in all appeals that were available to you?
☐ Yes          ☐ No

GROUND THREE:

(a)  Supporting facts *(Be brief.  Do not cite cases or law.)*:

(b)  Did you present Ground Three in all appeals that were available to you?
☐ Yes          ☐ No

AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**GROUND FOUR**:

(a)  Supporting facts *(Be brief.  Do not cite cases or law.)*:

(b)  Did you present Ground Four in all appeals that were available to you?
❏ Yes                    ❏ No

14.     If there are any grounds that you did not present in all appeals that were available to you, explain why you did
        not:

**Request for Relief**

15.  State exactly what you want the court to do:     Order the BOP to forthwith apply all of Petitioner's ETCs and to
reduce his sentence in accordance with 18 U.S.C. § 3624(g)(3)

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system:

Not applicable

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct. I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date: August 17TH, 2022

_Signature of Petitioner_

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

FRANKLIN VOSTATEK,              )    Case No. _____

                      )

               Petitioner,    )

                      )

    -vs-                )

                      )

RESIDENTIAL REENTRY MANAGER,  )

  CINCINNATI OFFICE,        )

  FEDERAL BUREAU OF PRISONS,   )

                      )

             Respondent.    )

I, Franklin Vostatek, Petitioner herein, file this *Memorandum in Support* of a *Petition for Writ of Habeas Corpus* filed pursuant to 28 U.S.C. § 2241.

    1.    *Relief Sought:* I seek an order to the Residential Reentry Manager, Cincinnati Office, Federal Bureau of Prisons, that he calculate and apply earned-time credits (ETCs) I have earned pursuant to 18 U.S.C. § 3632 for every 30 days on a rolling basis, and to recalculate my release date based on the application of those ETCs.

    2.    I began service of my sentence on or about February 9, 2022. *See* **Exhibit 1.** I have a statutory release date of December 1, 2022. According to BOP procedure, I had amassed 15 days of ETC credit as of March 10, 2022, and I should have continued to earn ETC since that time. I calculate that as of the date of this *Petition,* I should have earned at least an additional 60 days of ETC since that date. The effect of those additional ETCs should be to shorten my statutory sentence by one day for every day of ETC earned, or at least 60 days from December 1, 2022 (which is October 2, 2022).

3.      A petition for habeas corpus under 28 U.S.C. § 2241 "attacks the *execution* of a sentence, while a § 2255 motion attacks the *validity* of a conviction and sentence." *Capaldi v. Pontesso,* 135 F.3d 1122, 1123 (6th Cir. 1998) (citing *United States v. Jalili,* 925 F.2d 889, 893 (6th Cir. 1991). Because I am not questioning the lawfulness of the sentence but rather merely the way the Bureau of Prisons is executing it, this District Court has subject-matter jurisdiction.[1]

4.      *Exhaustion of Remedies:*  The BOP calculated my ETCs on or about March 10, 2002.  *See* **Exhibit 1** (which notes the release date audit was completed on March 10, 2022). At that time, I inquired of the BOP as to when I would receive my updated ETCs for periods beyond the one ending March 10. My Case Manager told me that the ETCs would be updated on or by August 1, 2022. Such an update would not have prejudiced me unduly, because those updated credits would have advanced my release date to early October. Thus, I accepted the BOP case manager's representation. In fact, I verified the August 1, 2022, date by referencing a declaration from Susan Giddings, Chief of the Unit Management Section, Correctional Services Division, Bureau of Prisons, filed by the government as an exhibit in *Stewart v. Snider,* Case No. 1:22-cv-00294, in the Northern District of Alabama (ECF 11-14, filed April 29, 2022). *See* **Exhibit 2.**

───────────────────────────

[1]      Because the administration of service credits, including calculation, awarding, and withholding, is done by the BOP under 18 U.S.C. § 3624, this process involves the execution rather than the imposition of sentence. Thus, it is a function of BOP that is a matter for habeas corpus review in district court. *Bishop v. Reno*, 210 F.3d 1295, 1304 n.14 (11th Cir. 2000), citing *Trevino-Casares v. United States Parole Comm'n*, 992 F.2d 1068, 1070 (10th Cir. 1993); *Boyden v. Bell*, 631 F.2d 120, 122-23 (9th Cir. 1980) (challenging award of remission credits affecting parole); and *Jones v. Cunningham,* 371 U.S. 236, 239-40 (1963) (holding that parole constitutes custody amenable to habeas corpus relief under 28 U.S.C. § 2241); *United States v. Tubwell,* 37 F.3d 175, 177 (5th Cir.1994) (a habeas petition under 28 U.S.C. § 2241 "challenges the manner in which [a] sentence is being executed rather than the validity of [the] conviction and sentence").

She likewise represented that the BOP updating software would be in place and automatic rolling updates available by that date.

5.      At about the August date for receiving the updated ETC calculation, I was transferred to a halfway house on August 4, 2022.

6.      As of the date of this *Petition*, my ETCs have not been updated. I reasonably relied on the BOP's representation that my updated ETCs would be completed by August 1, 2022.  Administrative exhaustion at this point would be futile, because the agency deadline even to respond to my initial request would not fall until *after* the September adjusted release date. The BOP's representation, on which it expected me to rely, has rendered futile any attempt to resolve the issue I am raising administratively.

7.      I did not know, nor could I reasonably have known, that the BOP would not adhere to its promise to award ETCs by August 1, 2022, until it failed to do so. When the inability to timely exhaust remedies is due to matters outside of the petitioner's control, any failure to completely exhaust remedies results from an "unreasonable or indefinite timeframe for administrative action," with resulting prejudice to me.  *McCarthy v. Madigan*, 503 U.S. 140, 146-47 (1992) (one of three bases for excuses a complete failure to exhaust is where "requiring resort to the administrative remedy may occasion undue prejudice to subsequent assertion of a court action. Such prejudice may result, for example, from an unreasonable or indefinite timeframe for administrative action…").

8.      Thus, I should be deemed to have exhausted my administrative remedies for purposes of proceeding on *habeas corpus* under 28 U.S.C. § 2241.

9.      *Facts:*  I was convicted in the United States District Court for the Southern District of Ohio on a guilty plea to a two-count information charging of conspiracy to unlawfully

distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(E)(i), and 846, and 18 U.S.C. §§ 1035(a)(2) and 2. *Judgment in a Criminal Case,* ECF 25, Jan. 21, 2022. I was sentenced to 12 months and one day of incarceration, three years of supervised release, and a special assessment and fine not relevant here.  As noted, I began my incarceration on February 9, 2022. *See* **Exhibit 1.**

10.     I am now and have always been classified under the BOP's PATTERN recidivism risk tool as having a minimum risk of recidivism and minimum risk of violence.[2] *See* **Exhibit 3**. As of August 4, 2022, I have served 176 days, during which time I have not received any incident reports nor refused to participate in the Inmate Financial Responsibility program.  At all times since February 9, 2022, I have been qualified to earn ETCs as an "eligible inmate" within the meaning of 28 CFR § 523.41(c) and (d).

11.     I received the 15 days of ETC credit to which I was entitled on March 10 (after 30 days of incarceration). 18 U.S.C. § 3632(d)(4)(i); 28 CFR § 523.42(c)(2)(i). However, I am also eligible for 15 days of ETCs for every 30 days I successfully participated in appropriate activities since that time. 18 U.S.C. § 3632(d)(4)(ii); 28 CFR § 523.42(c)(2)(ii).  Those should number

- 15 days from March 10, 2022, through April 9, 2022;
- 15 days from April 10, 2022, to May 10, 2022;

_____

[2]     "PATTERN" is an acronym for "*Prisoner Assessment Tool Targeting Estimated Risk and Needs*." Found at
https://nij.ojp.gov/sites/g/files/xyckuh171/files/media/document/the-first-step-act-of-2018-risk-and-needs-assessment-system_1.pdf

PATTERN was modified and adopted in final form on January 15, 2020.  Dept. of Justice, *The First Step Act of 2018: Risk and Needs Assessment System Update - January 2020* (January 15, 2020), found at https://www.bop.gov/inmates/fsa/docs/the-first-step-act-of-2018-risk-and-needs-assessment-system-updated.pdf (both last visited June 24, 2022).

- 15 days from May 10, 2022, through June 9, 2022; and
- 15 days from June 10, 2022, through July 9, 2022.[3]

Only 15 days were credited to reducing my release date from December 16, to December 1, 2022. Applying these additional 60 days to my current statutory release date of December 1, 2022, would advance my release date to about October 2, 2022.

12.     In its *Final Rule,* 87 FR 2705 (January 19, 2022), the Bureau stated that "Time Credits for successful participation are awarded at the end of each thirty-day period."[4]  This is required by 18 U.S.C. § 3632(d)(4)(A)(ii). Despite this, the BOP has not done so.

13.      The BOP has been opaque as to its procedure for calculating ETCs. However, in the Giddings declaration (**Exhibit 4**) the BOP admitted that it has adopted "interim procedures" that "will remain in effect until the BOP completes an auto-calculation application to the BOP's real-time information system (known as SENTRY) and full integration between SENTRY and the BOP's case management system (known as INSIGHT)… Respondent assures the Court that, during the initial period and beyond, the BOP's focus and attention is on ensuring the accurate calculation and application of FSA time credits." (*Id.* at ¶¶ 9-10).

14.     Under these interim procedures, the BOP is calculating credit based on the total number of days in the inmate's designated facility divided by 30 days (one-month average) and multiplied by 15 (in my case). The agency uses the latter of the date an inmate arrives at the

_____

[3]     I was transferred to a halfway house before completion of the 30-day tranche from July 10 to August 9, 2022, thus making me ineligible for credits during the final 25 days of my incarceration.

[4]     Found at https://www.federalregister.gov/d/2022-00918/p-78 (last accessed June 24, 2022).

initial designated facility or the *First Step* enactment date of December 21, 2018, as the start date for calculation purposes. Batch data is available monthly and is extracted on the last Saturday of the last full week of the month. Beginning on December 25, 2021, monthly data sets of inmates who are within 24 months of their statutory release date were extracted, and their FSA time credits were calculated.  *See* **Exhibit 2.**

15.     Once the initial calculation was performed for me, the BOP *interim* policy dictated that no additional calculation would be performed until the new auto-calculation is adopted. This policy is inconsistent with statute. The BOP had promised that adoption of that auto-calculation software would occur in about 90 days from the end of April, which should have been about August 1, 2022. However, that date has come and gone, and the BOP has not implemented the new auto-calculation program.

16.     *Argument:*  The BOP *interim* procedure may not adversely affect most inmates, whose release dates are sufficiently in the future that awaiting the implementation of an automated system will not prejudice their release. But that same guidance, applied to inmates in my position, is reasonably likely to cause us to be held past the release date mandated by statute. Based only on the credits applied to my sentence as of March 10, 2022, the BOP moved my release forward by 15 days. But I should have received a total of 75 ETCs for five successful 30-day periods, starting February 9 through July 9. The uncredited ETCs I have will move my release date another 60 days, to about October 2, 2022.

17.     There is no dispute that I have earned ETCs that will yield an earlier release date. The only way to ensure that I am awarded the date to which the law entitles me is to order the BOP to calculate my ETCs according to its own policy and practice after every 30 days.

18.     I have a protected liberty interest in supervised release. *See United States v.*

6

*Krueger*, 815 Fed.Appx 847, 855 (6th Cir. 2020) ("defendants have 'a constitutionally protected liberty interest in avoiding involuntary administration of antipsychotic drugs' while on supervised release"); *Harper v. Young*, 64 F.3d 563, 566-67 (10th Cir. 1995) ("A prisoner release program which permits a convict to exist, albeit conditionally, in society on a full-time basis more closely resembles parole or probation than even the more permissive forms of institutional confinement" and thus confers an "inherent liberty interest in continued placement in supervised release program"). The BOP's refusal to adhere to its own rules and program statements – which it has a well-established obligation to do, *see Albers v. Ralston*, 665 F.2d 812, 814 (8th Cir. 1981), citing *Burton v. Ciccone*, 484 F.2d 1322, 1324 (8th Cir. 1973) ("[W]hen a regulation or Program Statement is adopted (by the Bureau of Prisons) it must be followed") – is depriving me of credit for earlier release.

19. *Conclusion:* This Court should direct the BOP to award me all of the ETCs to which I am entitled as of the date of the Court's order, with credit for 15 days of ETC monthly, since March 10, 2022, every thirty days until August 4, 2022, and thereafter to the extent the BOP determines ETCs should be granted for time spent in halfway house or home confinement.

WHEREFORE, this *Petition* should be granted.

Executed August 17TH, 2022       *Franklin Vostatek*

Franklin Vostatek
Reg. No. 26822-509
1755 Alum Creek Drive
Columbus, OH 43207
Phone: (614) 886-1673
Email: frankvostatek@yahoo.com

CERTIFICATE OF SERVICE

I herewith certify pursuant to 28 U.S.C. § 1746 that I have transmitted a manually signed

original of the foregoing *Petition for Writ of Habeas Corpus* by causing the same to be sent by

first-class mail, postage prepaid, addressed to the following:

Clerk
United States District Court
for the Southern District of Ohio
85 Marconi Boulevard, Ste. 460
Columbus, Ohio  43215

and I have served a true and complete copy of the same by depositing said document by first-class

mail, postage prepaid, addressed to the following:

Civil Desk
United States Attorney's Office
303 Marconi Boulevard, Ste. 200
Columbus, Ohio  43215

The foregoing statements are true under penalty of perjury.

Executed August 17TH, 2022

Franklin Vostatek