UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

| | | |
|---|---|---|
| FRANKLIN VOSTATEK, | : | Case No. 2:22-cv-3158 |
| | : | |
| Petitioner, | : | |
| | : | Chief Judge Algenon L. Marbley |
| vs. | : | Magistrate Judge Peter B. Silvain, Jr. |
| | : | |
| RESIDENTIAL REENTRY MANAGER, CINCINNATI OFFICE, FEDERAL BUREAU OF PRISONS, | : : : | |
| | : | |
| Respondent. | : | |

**REPORT AND RECOMMENDATION**

Franklin Vostatek filed this habeas corpus action under 28 U.S.C. § 2241 on August 18, 2022. (Doc. 1). He claimed that the Federal Bureau of Prisons failed to apply all the earned time credits to which he was entitled under the First Step Act. (Doc. 1, PageID 2, 6). He sought those credits, a recalculation of his release date, and, after the allegedly proper release date passed, release from custody. (Doc. 1, PageID 9; Doc. 6, PageID 54, 59).

At the time Petitioner filed this case, he was serving a criminal sentence imposed by this Court in a separate case. (Doc. 1, PageID 1). *See United States v. Vostatek*, No. 2:20-cr-131 (S.D. Ohio Jan. 21, 2022). Specifically, Petitioner was in "prerelease community custody" at Alvis House for Men in Columbus, Ohio. (Doc. 5, PageID 37; Doc. 1, PageID 1). In November 2022, he was transferred to home confinement. (Doc. 10, PageID 91).

Petitioner was scheduled to be released from custody on December 1, 2022. (*See* Petition, Doc. 1, PageID 9 ("I have a statutory release date of December 1, 2022."); Respondent's Notice, Doc. 10, PageID 91 ("Petitioner's release from home confinement is scheduled for December 1, 2022, at which time Petitioner will no longer be in federal custody.")). According to the Federal

Bureau of Prisons' website, Petitioner was indeed "Released On: 12/01/2022." *See* "Find an inmate," available at https://www.bop.gov/inmateloc/ (accessed Jan. 9, 2023).

After his release, this Court ordered Petitioner to show cause why this matter should not be dismissed as moot. (Doc. 11). Petitioner did not file a response, and there has been no other activity in the case.

The Court cannot proceed to render a judgment on the merits of a case if it is moot. *See Campbell-Ewald Co. v. Gomez*, 577 U.S. 153 (2016), as revised (Feb. 9, 2016). In *Gomez*, the Supreme Court of the United States said:

> Article III of the Constitution limits federal-court jurisdiction to "cases" and "controversies." U.S. Const., Art. III, § 2. We have interpreted this requirement to demand that "an actual controversy. . . be extant at all stages of review, not merely at the time the complaint is filed." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67, 117 S.Ct. 1055, 137 L.Ed.2d 170 (1997) (quoting *Preiser v. Newkirk*, 422 U.S. 395, 401, 95 S.Ct. 2330, 45 L.Ed.2d 272 (1975)). "If an intervening circumstance deprives the plaintiff of a 'personal stake in the outcome of the lawsuit,' at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Genesis Healthcare Corp.*, 569 U.S., at ——, 133 S.Ct., at 1528 (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-478, 110 S.Ct. 1249, 108 L.Ed.2d 400 (1990)). A case becomes moot, however, "only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Knox v. Service Employees*, 567 U.S. ——, ——, 132 S.Ct. 2277, 2287, 183 L.Ed.2d 281 (2012) (internal quotation marks omitted).

*Id*. at 160-61. Here, the controversy before this Court—determining whether Petitioner's earned time credits should be recalculated and whether he should be released—has become moot because Petitioner has already been released.

Petitioner previously acknowledged that release was the only remaining relief sought in this case that the Court could order. He said, in his Reply to Respondent's Answer:

> At this point, it is futile to order the BOP to calculate my ETCs [earned time credits] according to its own policy and practice after every 30 days. I have fewer than 30 days remaining to serve. The only remedy that has any meaning at this time would be immediate release to commence my term of supervised release.

(Doc. 6, PageID 58-59 (filed November 15, 2022)).  As Petitioner has now been released and is presumably serving his term of supervised release, this Court can no longer order that remaining relief.[1]

Accordingly, and as Petitioner has offered no reason to conclude otherwise, the Undersigned **RECOMMENDS** that this Court **DISMISS** the action as **MOOT**.

### NOTICE REGARDING OBJECTIONS TO
### THIS REPORT AND RECOMMENDATION

If any party objects to this Report and Recommendation ("R&R"), the party may serve and file specific, written objections to it within **FOURTEEN DAYS** after being served with a copy thereof.  Fed. R. Civ. P. 72(b); Rule 12 of the Rules Governing Section 2254 Cases in the United States District Court.  All objections shall specify the portion(s) of the R&R objected to and shall be accompanied by a memorandum of law in support of the objections.  The Court may extend the fourteen-day objections period if a timely motion for an extension of time is filed.

A Judge of this Court will make a de novo determination of those portions of the R&R to which objection is made.  Upon proper objection, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

---

[1] This is not a determination that the Court lacks jurisdiction because the "in custody" requirement of the habeas corpus statute is not met.  Whether a person is "in custody" within the meaning of the statute is determined as of the date the Petition is filed.  *See Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) ("The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are '*in custody* in violation of the Constitution or laws or treaties of the United States.' 28 U.S.C. § 2241(c)(3) (emphasis added); *see also* 28 U.S.C. § 2254(a). We have interpreted the statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed.").  "[I]ndividuals subject to supervised release in the federal system[] satisfy the 'in custody' requirement" of the statute.  *In re Stansell*, 828 F.3d 412, 416 (6th Cir. 2016).  Thus, Petitioner here was "in custody" when he filed the Petition and appears to still be "in custody" during his term of supervised release.

The parties are specifically advised that failure to object to the R&R will result in a waiver of the right to have the District Judge review the R&R de novo, and will also operate as a waiver of the right to appeal the decision of the District Court adopting the R&R. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

January 12, 2023                                         *s/Peter B. Silvain, Jr.*
                                                                              Peter B. Silvain, Jr.
                                                                              UNITED STATES MAGISTRATE JUDGE